**SO ORDERED.**

**SIGNED this 14 day of July, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

JOB P. WYATT & SONS' COMPANY,                CASE NO. 11-02664-8-JRL

                                                                        Chapter 11

        DEBTOR.

### ORDER

This matter is before the court on the motion of the debtor-in-possession, Job P. Wyatt & Sons' Company ("Wyatt") to compel Paragon Commercial Bank ("Paragon") to produce documents and appear for examination pursuant to Bankruptcy Rule 2004. A hearing on the motion was held on July 11, 2011.

The debtor filed this Chapter 11 petition on April 5, 2011. On June 7, the debtor filed a motion seeking entry of an order requiring Paragon to appear for examination on June 22, 2011, and produce documents by June 17, 2011, pursuant to B. R. 2004. Paragon objected, and Wyatt formally moved to compel compliance.

The practice of debtors in chapter 11 cases taking 2004 exams of secured lenders early in a case is common in this district, and although there are occasional squabbles about the scope of production, has generally not been resisted by creditors. Paragon here has not acquiesced, but

instead has interposed a procedural objection that requires serious consideration.

The chronology of events becomes critical here. Several days before the debtor sought an order under B. R. 2004, Paragon filed a motion for relief from stay. B. R. 4001(a) expressly states that such a motion is a contested matter upon filing and must be brought under B. R. 9014. B. R. 9014(c) in turn applies many of the procedural rules in adversary proceedings to contested matters, including the formal discovery rules found at B. R. 7026 and B.R. 7028 - 7036. Paragon's straightforward position is that proceeding with a Rule 2004 exam instead of the formal discovery rules after a contested proceeding is initiated is inappropriate. After an examination of the pertinent rules, case law and treatises, the court finds itself in surprising agreement.

Turning to the text of the relevant rules, B. R. 9014(c) reads in pertinent part: "Except as otherwise provided in this rule, and unless the court directs otherwise, the following rules shall apply: . . . 7026, 7028 - 7037." Unlike other motions that do not become contested matters until an opposition is filed, a motion for relief from stay is deemed a contested matter from filing. This provision was clearly applicable when the debtor sought a Rule 2004 order.

It is true, as debtor's counsel points out, that the text of B. R. 2004 has no temporal limit, suggesting it can be used at any point in a case by a party in interest; under this construction a party has a choice of which discovery tool to use. However, the official comment to Rule 2004 belies this assertion. It states: "The examination under this Rule is not a substitute for discovery authorized in an adversary proceeding by the discovery rules, Bankruptcy Rule 7026-7037, *or in a contested matter which is governed by Bankruptcy Rule 9014.*" (emphasis added) Collier is equally emphatic: "If a contested matter or adversary proceeding is pending, Rule 2004 should

not be used, but rather, the various discovery provisions of the Federal Rules of Civil Procedure should apply." 8 COLLIER ON BANKRUPTCY ¶ 2004.03 at 2004-06 (Fifteenth Edition). Cases interpreting the interplay between these two rules are in agreement. In re Dinubilo, 177 B.R. 932, 942 (E.D. Cal. 1993); In re Blinder, Robinson & Co., Inc., 127 B.R. 267 (D. Colo. 1991); In re Bakalis, 199 B.R. 443 (Bankr. E.D.N.Y 1996).

Several courts have interpreted the language in B. R. 9014(c), authorizing the court to "otherwise direct" that the formal rules not apply in a contested matter, as providing the court with discretion to allow a Rule 2004 examination while a contested matter is pending. In re International Fibercom, Inc., 283 B.R. 290 (Bankr. D. Ariz. 2002); In re M4 Enterprises, Inc., 190 B. R. 471 (Bankr. N.D. Ga. 1995). This particularly is the case when the contested matter is narrow or peripheral, and information on other aspects of a relationship or transaction is sought. But that is not the case here. Looking at the documents sought preparatory to the examination, all go squarely to issues involved in the stay litigation. In this particular case, the debtor has filed its plan and disclosure statement, to which Paragon states it will file a timely objection. The presence of this imminent second contested matter suggests that application of the formal discovery rules is appropriate here.

For the foregoing reasons, the motion to compel Paragon to appear and produce documents pursuant to B. R. 2004 is denied, with leave to the debtor to initiate discovery under B. R. 9014.

**END OF DOCUMENT**